UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) ) | No. 1:15-cv-00659-JMS-MJD |
| vs. | ) ) | |
| MATTHEW HAAB, JEFFERY B. RISINGER, VEROS FARM LOAN HOLDING LLC, TOBIN J. SENEFELD, FARMGROWCAP LLC, VEROS PARTNERS INC., PINCAP LLC, PIN FINANCIAL LLC, | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**ORDER ON MOTION TO QUASH**

This matter is before the Court on the *Objection and Motion to Quash Receiver's Non-Party Request for Production*, filed by Broyles & Co. CPA'S, Inc., Nicole Broyles, Cherry Farms, LLC, Cherry Family Land, LLC, Chris A. Cherry, Cristi K. Cherry, and Jeffrey A. Cherry (collectively the "Movants"). [Dkt. 256.] The Receiver in this case issued subpoenas to Broyles & Co. and Nicole Broyles, a certified public accountant, seeking financial documents relating to the Cherry entities. The Movants request the Court quash the subpoenas because the documents it seeks are protected by Indiana's accountant-client privilege. In the alternative, the Movants argue the subpoenas constitute an undue burden and are not relevant to the underlying federal litigation. For the reasons set forth below, the Court **DENIES** the Movants' Motion.

1

### I. Background

This is a securities fraud action brought by the Securities and Exchange Commission ("SEC") against an Indianapolis investment advisory firm and related entities. The SEC alleges Defendants fraudulently raised at least $15 million from investors to fund short-term operating loans for farms then misused the proceeds in violation of federal securities law. On May 1, 2015, the Court appointed a Receiver to marshal and preserve the assets of Defendants Veros Farm Holding LLC, FarmGrowCap LLC, PinCap LLC, Veros Partners, Inc. and Relief Defendant Pin Financial LLC. [Dkt. 34.]

On July 18, 2016, the Receiver issued subpoenas to Broyles & Co. CPA'S, LLC and Nicole Broyles. Both requests sought, in .pdf format, "any and all records including but not limited to reports, tax returns, profit and loss statements, balance sheets, check registers, bank account statements, invoices, and any and all other records pertaining to Cherry Farms, LLC; Cherry Family Land, LLC; Cherry Ag Services, LLC; High Voltage Painting, LLC; James E. Cherry; Susan L. Cherry; Chris A. Cherry; Cristi K. Cherry; Jeffrey A. Cherry and Cherry Investor Group, LLC." [Dkt. 256-2.]

The Receiver contends the subpoenaed documents are necessary to assess the finances of Cherry Farms LLC and its outstanding loan obligations to Defendant Veros Partners. The Movants argue the documents are not relevant to the federal claims in this case and seek to quash the subpoenas on the basis of Indiana's accountant-client privilege.

### II. Legal Standard

Federal Rule of Civil Procedure 45 governs the issuance of subpoenas. The breadth of discoverable material via subpoena parallels the liberal scope permitted under Rule 26(b) so long

as the material sought is relevant, not privileged, and at least leads to admissible evidence. *Graham v. Casey's Gen. Stores,* 206 F.R.D. 251, 253–54 (S.D. Ind. 2002) (citations omitted). A court must grant a motion to quash or modify a subpoena that "requires disclosure of privileged or other protected matter ... or subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iii)-(iv). The party seeking to quash subpoenas bears the burden of establishing its objections. *Jackson v. Brinker,* 147 F.R.D. 189, 194 (S.D. Ind.1993) (citing *Holifield v. United States,* 909 F.2d 201, 2014 (7th Cir.1990)).

When, as here, third-party discovery is at issue, the Court has the responsibility to determine whether a subpoena imposes an undue burden, and if so it must quash the subpoena. Fed. R. Civ. Pro. 45(c) (3)(A)(iv). Non-parties "are not treated exactly like parties in the discovery context, and the possibility of mere relevance may not be enough; rather, non-parties are entitled to somewhat greater protection." *Patterson v. Burge,* No. 03 C 4433, 2005 WL 43240, *1 (N.D. Ill. Jan. 6, 2005). When determining whether to enforce a discovery request, the court must weigh the need for the information, the breadth of the request, the time period the discovery covers, the particularity of the documents, and the burden imposed. *Charles v. Quality Carriers, Inc.,* 2010 WL 396356 at *1 (S.D. Ind. 2010). "[R]elevance alone may not be enough to justify a subpoena, particularly given that the undue burden calculus is more protective of nonparties than it is for parties." *Id.*

### III.     Discussion

The Movants contend the subpoenas, directed to an accounting firm and an accountant, violate Indiana's accountant-client privilege. However, while this statutory privilege might apply in a state suit, there is no accountant-client privilege under the federal common law. In *Couch v. United States,* 409 U.S. 322 (1973), the Supreme Court stated that "no confidential accountant-

client privilege exists under federal law, and no state-created privilege has been recognized in federal cases." *Id.* at 335. Therefore, the threshold issue here is whether the Court must apply federal law or state law to the Movants' Motion.

The Receiver argues that because this is a federal question case (in fact, there are no pending state law claims), the federal common law must apply. This is the correct result; however, not quite the correct argument. While federal law governs the Plaintiff's claims in this lawsuit, the work of the Receiver herein is entirely separate and distinct from the prosecution and defense of those claims. Consequently, to answer the question, the Court must examine the legal basis upon which the Receiver is operating.

Federal law governs the appointment of receivers. *See Tcherepnin v. Franz*, 485 F.2d 1251, 1255-1256 (7th Cir. 1973). Rule 66 of the Federal Rules of Civil Procedure authorizes a court to appoint a receiver and requires the receiver to "accord with the historical practice in federal courts or with a local rule." Fed. R. Civ. P. 66. The appointment of a receiver in equity is not a substantive right; rather, it is an ancillary remedy which does not affect the ultimate outcome of the action. *Pusey & Jones Co. v. Hanssen,* 261 U.S. 491, 497 (1923). The conclusion that federal law governs the appointment of a receiver thus does not conflict with the *Erie* doctrine's requirement that state law apply to matters of substance. *See Guaranty Trust Co. of New York v. York,* 326 U.S. 99 (1945) (stating that the equity power of a federal court exercising diversity jurisdiction cannot be equated with state law under the *Erie* doctrine). Thus, a receiver appointed by a federal court would be governed by federal law even if the matter in which the receiver was appointed was governed by state law under the *Erie* doctrine.

Additionally, the district court has ancillary jurisdiction over any claims asserted by a receiver in the exercise of his or her duties. The Seventh Circuit explained: "The ancillary

jurisdiction of federal courts over actions incident to a receivership established by a federal court has long been recognized. So long as an action commenced by a court appointed receiver seeks 'to accomplish the ends sought and directed by the suit in which the appointment was made, such action or suit is regarded as ancillary so far as the jurisdiction of the ... court of the United States is concerned.' " *Tcherepnin,* 485 F.2d at 1255–56, quoting *Pope v. Louisville, New Albany & Chicago Railroad Co.,* 173 U.S. 573, 577 (1899) (internal citations omitted); *see also Marwil v. Grubbs*, 2004 WL 2278751, at *6 (S.D. Ind. Sept. 30, 2004) (finding ancillary jurisdiction of the federal court exists over state law claims brought by a court-appointed receiver).

The Receiver asserts the subpoenaed documents are necessary to "properly assess the finances of Cherry Farms, LLC and its outstanding loan obligations to Veros Partners, Inc." [Dkt. 263 at 8.] The Receiver further explains that the financial documents are needed to investigate whether there has been any improper transfer of funds from Cherry Farms to avoid satisfaction of its outstanding loan obligations to Veros Partners and verify deposit records that may have been forged. [Dkt. 263 at 8.]  The Court agrees that the documents are relevant to the Receiver's duty to "marshal and preserve" Defendants' assets. Such an investigation could lead to future claims against the Cherry entities, and based on the above this Court would have ancillary jurisdiction over those claims.  Because receiverships are governed by federal law and the Court would have ancillary jurisdiction over any claims arising from the receivership, the Court finds federal law must apply to this Motion. Therefore, Indiana's accountant-client privilege is not applicable.

The Movants minimally argue the subpoenas present an undue burden on them as nonparties to this litigation. Undue burden or expense, actual or potential, must be shown by "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory

5

statements." *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n. 16 (1981). Claims of undue burden are not exempt from the basic principle that unsupported statements of counsel are not evidence. *See United States v. Adriatico-Fernandez*, 2012 WL 6200276 (7th Cir. 2012). The Movants' conclusory argument here does not establish undue burden. To the extent the Movants argue undue burden because the subpoenas seek documents that may contain personal identifiers such as social security numbers and bank account information, these concerns can be alleviated by redaction of such information if the Receiver agrees, or by the issuance of a protective order limiting access to such information once produced, which the Court will issue upon request.

### IV. Conclusion

For the reasons set forth above, the Court **DENIES** the Movants' *Objection and Motion to Quash Receiver's Non-Party Request for Production* [Dkt. 256]. Broyles & Co. and Nicole Broyles are ordered to produce the documents responsive to the Receiver's request on or before **November 18, 2016**. Any issues regarding reimbursement of Broyles & Co. and Nicole Broyles for the reasonable expenses of such production may be raised following the completion of the production.

Dated: 09 NOV 2016

_____
Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Anne Hensley Poindexter
apoindexter@apwlawyer.com

Fred Anthony Paganelli
tony@tonypaganelli.com

Jeanine R. Kerridge
BARNES & THORNBURG LLP (Indianapolis)
jeanine.kerridge@btlaw.com

J. Richard Kiefer
BINGHAM GREENEBAUM DOLL LLP
jrkiefer@bgdlegal.com

John F. McCauley
BINGHAM GREENEBAUM DOLL LLP
jmccauley@bgdlegal.com

Jeffrey B. Bailey
BOSE MCKINNEY & EVANS, LLP
jbbailey@boselaw.com

Ronald E. Elberger
BOSE MCKINNEY & EVANS, LLP
relberger@boselaw.com

William Edwin Wendling, Jr.
COHEN GARELICK & GLAZIER
wwendling@cgglawfirm.com

Frank Garrett
MCNEELY STEPHENSON - Shelbyville
frank.d.garrett@msth.com

Cynthia A. Bedrick
MCNEELY STEPHENSON THOPY & HARROLD
cabedrick@msth.com

J. Lee McNeely
MCNEELY STEPHENSON THOPY & HARROLD
jlmcneely@msth.com

Joshua W. Casselman
RUBIN & LEVIN, P.C. - Penn. St.
jcasselman@rubin-levin.net

James E. Rossow, Jr.
RUBIN & LEVIN, PC
jim@rubin-levin.net

Robert M. Moye
U.S. SECURITIES AND EXCHANGE COMMISSION
moyer@sec.gov

Doressia L. Hutton
U.S. SECURITIES AND EXCHANGE COMMISSION - Chicago
huttond@sec.gov