UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) ) | No. 1:15-cv-00659-JMS-MJD |
| vs. | ) ) | |
| VEROS FARM LOAN HOLDING LLC, TOBIN J. SENEFELD, FARMGROWCAP LLC, PINCAP LLC, PIN FINANCIAL LLC, | ) ) ) ) ) ) | |
| Defendants. | ) | |

**ORDER ON MOTION TO WITHDRAW**

This matter is before the Court on a *Motion to Withdraw Appearance*, filed by Defendant Tobin Senefeld's counsel Jeanine Kerridge. [Dkt. 324.] On January 23, 2017, the Court held an *ex parte* hearing on the Motion. Mr. Senefeld and Ms. Kerridge appeared as well as Steve Badger, who attended as counsel for Ms. Kerridge.

The conduct of counsel in this court is governed by the Rules of Professional Conduct adopted by the Supreme Court of Indiana. S.D. Ind. L.R. 83-5(e). Rule 1.16 of the Rules of Professional Conduct governs termination of representation. Ms. Kerridge seeks withdrawal pursuant to Rules 1.16(b)(5) and 1.16(b)(6), which provide that a lawyer may withdraw from representing a client if:

(5) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is met;

(6) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client.

The motion to withdraw was filed 617 days after Ms. Kerridge appeared and 94 days prior to trial. All discovery is complete and thousands of pages of documents have been produced. The Court has conducted multiple settlement conferences and numerous status conferences and other proceedings in an effort to move this matter toward resolution.

Senefeld reported at the hearing that he had consulted with two other attorneys in an effort to secure new counsel. One attorney declined because he felt there was insufficient time before the trial date to get up to speed on the case. The other attorney represented that it would require the payment of fees of at least $100,000 to get up to speed in the case. Defendant Senefeld also reported that he believed settlement was imminent, but feels he is unable to complete settlement negotiations with the Securities and Exchange Commission on his own.

When an attorney seeks to withdraw from a case, the court must consider the interests not only of the counsel but also the client, the other parties, and the court. *See Burns v. Gen. Motors Corp.*, No. 1:06-CV-0499-DFH-WTL, 2007 WL 4438622, at *1 (S.D. Ind. Nov. 30, 2007) (denying a motion to withdraw six weeks before trial); s*ee also Brown v. City of Fort Wayne*, 2011 WL 3423783 (N.D. Ind. 2011) (denying a motion to withdraw eight weeks before trial). Accordingly, the Court has a responsibility to weigh the effects of a potential withdrawal on both Defendant Senefeld and the court itself. Given the time and effort put into this case to date, the proximity of the trial date, and the difficulty in securing new counsel demonstrated by Defendant Senefeld, the Court **DENIES** the Motion to Withdraw. [Dkt. 324.] The case remains set for trial on April 10, 2017 with the final pretrial conference on March 15, 2017. [Dkt. 293.]

Dated: 24 JAN 2017

_____
Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Service will be made electronically
on all ECF-registered counsel of record via
email generated by the court's ECF system.